**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FELICITY WILLIAMS THOMAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-0528-BP** |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Unopposed Motion for Entry of Judgment with Remand filed on October 21, 2026. ECF No. 16. Defendant seeks a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). For good cause shown, the Court **GRANTS** the Motion, **REVERSES** this case, and **REMANDS** it to the Commissioner for further administrative action consistent with the Unopposed Motion.

In *Melkonyan v. Sullivan*, 501 U.S. 89, 97-102 (1991), the Supreme Court made clear that there are only two types of remand orders permitted under 42 U.S.C. § 405(g). The first method arises under "[t]he fourth sentence of § 405(g) [that] authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'" *Id.* at 98 (citing 42 U.S.C. § 405(g)). A sentence four remand "requires the district court to enter a decision on the merits before remanding a case to the Commissioner." *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2042-N, 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010), *rec. adopted*, 2010 WL 2944782 (N.D. Tex. July 22, 2010) (citing *Melkonyan*, 501 U.S. at 98).

The second method arises under the sixth sentence of § 405(g) and "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Shaefer*, 509 U.S. 292, 297 n.2 (1993) (citing § 405(g); *Melkonyan*, 501 U.S. at 99-100). Under sentence six, "[t]he district court does not . . . rule in any way as to the correctness of the administrative determination. Rather, the court remands" the case for reconsideration if the "new evidence might have changed the outcome of the prior proceeding." *Melkonyan*, 501 U.S. at 98; see also *McKenzie v. Astrue*, 442 F. App'x 161, 162 (5th Cir. 2011). The "[i]mmediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Chelette v. United States Comm'r of Soc. Sec.*, No. 1:11-CV-1860, 2012 WL 2870842, at *2 (W.D. La. June 12, 2012), *rec. adopted*, 2012 WL 2873635 (W.D. La. July 12, 2012) (citing *Shaefer*, 509 U.S. at 296-97; *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000)).

Here, the Commissioner's Motion is unopposed. ECF No. 16. Under these circumstances, remand under sentence four of 42 U.S.C. § 405(g) is appropriate. Having carefully considered Defendant's Motion (ECF No. 16), and noting that it is unopposed, the Court **GRANTS** the Motion, **REVERSES** this case, and **REMANDS** it to the Commissioner for further administrative action consistent with the Unopposed Motion.

It is so **ORDERED** on October 22, 2026.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE